UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SYMON MANDAWALA,

    Plaintiff,

v.   No. SA-19-CV-01415-JKP-ESC

BAPTIST SCHOOL OF HEALTH
PROFESSIONS, TENET, BLAINE
HOLBROOK, NICKI ELGIE

    Defendants.

## ORDER

This matter is before the Court on Defendants Baptist School of Health Professions, Northeast Baptist Hospital, and Blaine Holbrook's (collectively, "Defendants") Motion to Dismiss (ECF No. 23) to which Plaintiff Symon Mandawala ("Mandawala") responded (ECF No. 25). Upon consideration of the motion, the response, the record, and the relevant law, the Court concludes the Motion to Dismiss shall be GRANTED IN PART and DENIED IN PART.

### FACTUAL ALLEGATIONS

Accepted as true and taken in the light most favorable to him, Mandawala's amended complaint alleges the following. *See* ECF No. 22. Symon Mandawala is an African American male. Mandawala was a student in the Baptist School Of Health Professions' ("Baptist") Diagnostic Medical Sonography program from September 4, 2016 through August 26, 2018, during which he completed fifty-six of the sixty-four credits required to graduate. In September 2017, after Mandawala had successfully completed rotations at three other clinical sites (Baptist sends students to six hospitals for practicum experience where, under supervision, they complete sonograms on patients) the clinical coordinator, Melissa Moorman ("Ms. Moorman"), assigned him to Mission Trail Baptist Hospital.

During Mandawala's time at Mission Trail, the technician at the site, Sandra, did not allow Mandawala to conduct any scans (sonograms). The only time Mandawala was allowed to conduct scans was when Sandra was not working and a technician named Zaret Montavol was working. Mandawala informed his classroom instructor, Stacy Palmer, and a senior faculty member, Stephanie Wanat ("Ms. Wanat"), that he was not being allowed to do any scans. After five weeks at Mission Trail, Ms. Moorman transferred Mandawala to Baptist Medical M&S Imaging, where he was able to successfully complete the class requirements. Mandawala was then assigned to Northeast Baptist Hospital.

At Northeast Baptist Hospital ("Northeast"), Mandawala was supervised by technicians Virj Pascale and Debra Forminos ("Ms. Forminos"). Mr. Pascale supervised Mandawala's work approximately eighty percent of the time and Ms. Forminos the remaining twenty percent. Mandawala observed that the evaluations he received from Mr. Pascale were generally positive, while Ms. Forminos's evaluations were wholly negative. Ms. Forminos demanded that Mandawala show her deference based on her long service with Baptist; she insisted she grade Mandawala's work even though, in conformance with school policy, Mandawala had requested Mr. Pascale grade his work; and Ms. Forminos and a technician named Stacy spoke in whispers about Mandawala. Once, after two obstetrical patient scans, Ms. Forminos suggested to Mandawala sonography is a career better suited for women. She illustrated her point by saying that some female patients refused to be scanned by Mr. Pascale.

Based on his observations and experiences, Mandawala believed Ms. Forminos and Stacy were treating him differently than his female peers. Mandawala shared this with Ms. Wanat and asked to be assigned to a different location. Ms. Wanat responded that Ms. Forminos had made the same request, citing scheduling difficulties. However, email communications among Baptist staff and the Northeast supervising technicians suggest that Ms. Forminos's request was made

not because of scheduling difficulties but because she preferred to have white female students in the clinical rotations she supervised. Mandawala received a poor grade from Ms. Forminos and, despite his complaint that she had been treating him differently than his female peers and his request to be graded by Mr. Pascale, the school allowed the grade to stand.

Mandawala was assigned to Resolute Hospital for his final clinical rotation. There, clinical instructor Chelsea Jackson directed Mandawala to conduct an ultrasound of a patient's carotid artery. Mandawala was unprepared to conduct this ultrasound because vascular sonography was an elective and not part of the core curriculum. He objected to the assignment, telling Ms. Jackson, "I cannot do this because it's not part of my schoolwork." ECF No. 22, par. 31. Mandawala was not opposed to doing the sonogram. If vascular sonography was to be a mandatory part of the curriculum, he only wanted notice and time to prepare.

In response, Ms. Jackson demanded Mandawala's immediate removal from the site, gave him a "low" grade, and recommended that Baptist fail him. On the last day, Baptist told Mandawala he had failed the course and he would have to retake the course and pay for it. Baptist supported its decision with emails from Ms. Forminos and Ms. Jackson to Ms. Moorman. Baptist deemed this interaction a hearing and thereupon, its decision to fail Mandawala became final.

## LEGAL STANDARD

To survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court addressing a motion to dismiss pursuant to Rule 12(b)(6) must "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor," *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009), and "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Twombly*, 550 U.S. at 563 n.8.

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 737–38 (S.D. Tex. 1998). Thus, to qualify for dismissal under Rule 12(b)(6), a complaint must, on its face, show a bar to relief. *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986).

## DISCUSSION

### A. Discrimination Based on Race or Gender

Defendants contend that in his amended complaint, Mandawala "still failed to plead sufficient facts from which the Court can infer that any Defendant engaged in intentional discrimination based on his race or sex." ECF No. 23 at 8. Specifically, Defendants assert that the allegations in the amended complaint allege only a subjective belief that Ms. Forminos favors female students over male students, that Mandawala's allegations contain contradictions, and that even though he alleges he discussed Ms. Forminos's alleged conduct with an administrator, his allegations do not give rise to "actual knowledge of discrimination" as required by *Gebser*. *Id.* at 9 (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998)).

To state a claim for discrimination under Title VI, a plaintiff must plausibly allege defendant (1) received federal financial assistance, and (2) intentional discrimination on the basis

of race, color, or national origin. *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (emphasizing that a private right of action is available only for intentional discrimination); *Kamps v. Baylor Univ.*, 592 F. App'x 282, 286 (5th Cir. 2014) (noting Title VI prohibits only intentional discrimination). To state a claim for discrimination under Title IX a plaintiff must plausibly allege the defendant (1) received federal financial assistance, and (2) excluded him from participation in defendant's educational programs because of his sex. *Cannon v. Univ. of Chicago*, 441 U.S. 677, 680, 717 (1979). In a private cause of action, the plaintiff must allege that an "appropriate person"—an official authorized to institute corrective measures—had "actual knowledge" of the discrimination and responded with "deliberate indifference." *Gebser*, 524 U.S. at 290 (distinguishing claims involving an official policy of discrimination from those seeking to hold an institution liable for the discriminatory acts of an individual).

The amended complaint does not plausibly allege that Baptist responded with deliberate indifference to alleged race or national origin discrimination. Mandawala alleges he gave Ms. Wanat "a copy of a comment" by a former female Latino student who described how she "felt about Mrs. Forminos treatment" as proof "that Mrs. Forminos does not like students that are non-white." ECF No. 22, par. 48. The interactions with Stacy and Ms. Forminos Mandawala describes in his amended complaint make no mention of Mandawala's race or national origin. And with the exception of the former student's comment, Mandawala does not allege that he reported any incidents of race discrimination to anyone at Baptist. Thus, it is impossible to infer that Baptist knew about race or national origin discrimination by technicians at Northeast and yet was deliberately indifferent to it. Furthermore, an allegation that he shared subjective beliefs—his or another student's—with Ms. Wanat is not the same thing as alleging Baptist had actual knowledge of racial discrimination and was deliberately indifferent. Allegations of subjective views, without supporting factual allegations, do not give rise to an inference of intentional

discrimination nor an inference of deliberate indifference to discrimination. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). Therefore, the amended complaint does not plausibly allege a Title VI claim founded on intentional race or national origin discrimination against Mandawala. Because Mandawala failed to allege sufficient facts to support a reasonable inference of discrimination based on his race or national origin, Mandawala's Title VI claim is dismissed.

The amended complaint alleges that Mandawala told Ms. Wanat that Ms. Forminos suggested to him that sonography is a career better suited for women. He also told Ms. Wanat that Ms. Forminos was treating him differently than his female peers. As evidence, he pointed to the evaluations he received from Ms. Forminos compared to the evaluations he received from Mr. Pascale. Mandawala further avers that he asked Ms. Wanat to move him from the Northeast site because Ms. Forminos treated him differently than his female peers.

Construing the facts asserted in the amended complaint in the light most favorable to Mandawala, and upon drawing all reasonable inferences in his favor, the Court must conclude Mandawala asserted enough facts to give rise to an inference of intentional discrimination based on his sex and Baptist's deliberate indifference to that discrimination. The focus is not on whether Mandawala will ultimately prevail, but whether he should be permitted to present evidence to support any adequately asserted claims. *See Twombly*, 550 U.S. at 563 n.8. Because Mandawala asserted sufficient facts to support a reasonable inference of discrimination based on his sex, this claim will proceed.

**B. Freedom of Speech; Deprivation of Property Right**

Defendants contend Mandawala cannot make out a First Amendment retaliation claim because he has failed to establish a prima facie case. ECF No. 23 at 10. Specifically, the amended complaint does not make clear what adverse action was taken in response to his

6

statement, nor does it allege a causal connection. *Id.* With respect to any Fourteenth Amendment claim, Defendants argue that Mandawala does not allege he was deprived of a property interest and that a Fourteenth Amendment claim requires state action. *Id.* (citing *Caleb v. Grier*, 598 Fed. App'x 227, 233-234 (5th Cir. 2015).

To state a retaliation claim in an education context, a plaintiff must establish a prima facie case by plausibly alleging: (1) he engaged in a protected activity, (2) the school or its representatives took an adverse action against him, and (3) a causal connection exists between the protected activity and the adverse action. *Muslow v. Bd. of Supervisors of La. State Univ.*, No. 19-11793, 2020 U.S. Dist. LEXIS 65368, at *50 (E.D. La. Apr. 14, 2020) (collecting cases). Causation is plausibly alleged when the plaintiff establishes a defendant knew that the plaintiff "engaged in any protected activity" at the time of the alleged retaliation. *Collins v. Jackson Pub. Sch. Dist.*, 609 F. App'x 792, 795 (5th Cir. 2015) (per curiam) (quoting *Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999)). Because not all speech is protected by the First Amendment, to allege a plausible claim that his speech was the basis for the school's retaliation, a student must identify the statements he relies on. *Judeh v. La. State Univ. Sys.*, No. 12-1758, 2013 U.S. Dist. LEXIS 55574, at *12 (E.D. La. Apr. 18, 2013).

A claim that an educational institution exacted discipline without first affording notice and an opportunity to be heard, requires a plaintiff to allege facts sufficient to show (1) that he was deprived of a liberty or property interest protected by the Due Process Clause, and (2) that he was deprived of that interest without constitutionally adequate process. *Id*. at *13.

Construed liberally, Mandawala's prima facie case for retaliation is this: (1) he objected to an assignment, saying "I cannot do this because it's not part of my school work" (protected activity); (2) Baptist failed him and required him to retake and again pay for the course (adverse action); (3) almost immediately after Mandawala voiced his objection, the instructor demanded

7

Baptist remove Mandawala from the clinical site and recommended it fail him (causal connection). Mandawala's due process claim alleges: (1) he was denied the opportunity to complete a course he paid for (property interest); and (2) being told on the last day of school that Baptist failed him and he would have to retake and again pay for the course is not consistent with due process.

In an education context, First Amendment rights are "analyzed in light of the special characteristics of the school environment." *Widmar v. Vincent*, 454 U.S. 263, 267 n.5 (1981). Where there is "no finding and no showing" that engaging in speech would "materially and substantially interfere with the requirements of appropriate discipline in the operation of the school," a prohibition against speech "cannot be sustained." *Tinker v. Des Moines Indep. Sch. Dist.*, 393 U.S. 503, 509 (1969) (citing *Burnside v. Byars*, 363 F.2d 744, 749 (5th Cir. 1966)).

Construing the facts in the light most favorable to Mandawala, Ms. Jackson gave him a low grade and recommended Baptist fail him because he verbally contradicted her directive to conduct a vascular sonogram. Mandawala alleges he was genuinely surprised when Ms. Jackson instructed him to conduct a vascular sonogram and questioned the assignment because he believed vascular sonography was an elective.

Defendants argue that Mandawala's claim must fail because he "has not alleged that this speech was a matter of public concern." ECF No. 23 at 10. Mandawala's speech was not made in a context that requires the Court to include that discussion in its analysis. *See, e.g.*, *Bradshaw v. Pittsburg Indep. Sch. Dist.*, 207 F.3d 814, 816 (5th Cir. 2000) (noting that "[a]s a threshold requirement to constitutional protection, *the public employee* must establish that her speech addressed a matter of public concern") (emphasis added). Defendants further contend that "it is entirely unclear what adverse action Plaintiff alleges was the result of this statement." ECF No. 23 at 10. Mandawala clearly alleges he was failed for voicing his objection to Ms. Jackson's

8

directive to conduct a vascular sonogram. As to the causal connection between his alleged protected activity and an adverse action, Mandawala alleges Ms. Jackson's retaliation was almost immediate—the following day she wrote to Baptist, demanded Mandawala's immediate removal, and recommended that Baptist fail him. ECF No. 22 at 5, par. 32.

However, Ms. Jackson did not fail Mandawala, Baptist did. Mandawala does not allege temporal proximity between receipt of Ms. Jackson's email and Baptist's decision to fail him. Mandawala alleges Baptist administrators did not tell him he failed the course and would have to retake it until the last day of school. Baptist presented to Mandawala emails from Ms. Forminos and Ms. Jackson in support of its decision to fail him. Construing the amended complaint in the light most favorable to Mandawala and construing all reasonable inferences in his favor, Mandawala does not allege sufficient facts to infer Baptist retaliated against him for his protected speech. For this reason, Mandawala's retaliation claim is dismissed.

Mandawala's procedural due process claim fails as a matter of law. Procedural requirements that attach to academic decisions are "far less stringent" than those that exist when a student challenges a disciplinary decision. *Board of Curators of Univ. of Missouri v. Horowitz,* 435 U.S. 78, 86 (1978). A dismissal for academic cause entitles a student to an "'informal give-and-take' between the student and the administrative body dismissing him that would, at least, give the student the opportunity to characterize his conduct and put it in proper context," *Horowitz,* 435 U.S. at 86 (quoting *Goss v. Lopez,* 419 U.S. 565, 584 (1975); it does not require a hearing. *Ekmark v. Matthews,* 524 F. App'x. 62, 64 (5th Cir. 2013) (per curiam).

Construing the facts in the light most favorable to Mandawala he received sufficient process. On the last day of school, Baptist administrators met with Mandawala, informed him he failed the course, explained to him why he failed the course, and told him that he would have to retake the course in order for it to count toward his graduation requirements, which included

9

paying for the course a second time. ECF No. 22 at 5, par. 34. This process meets the standard courts have found sufficient in similar circumstances. *See, e.g., Ekmark,* 524 F. App'x. at 64 (holding that medical resident who was notified of reason for his suspension was given adequate process); *Davis v. Mann*, 882 F.2d 967, 975 (5th Cir. 1989) (holding that dental resident who received an informal hearing "received even more procedural protections than are required by the Fourteenth Amendment"); *Wren v. Midwestern State Univ.*, No. 7:18-cv-00060-O-BP, 2019 U.S. Dist. LEXIS 118143, at *40 (N.D. Tex. June 25, 2019) (dismissing due process claim of nursing student who had been informed of her unsatisfactory performance and, rather than retaking the failed course, she withdrew from the program). Accordingly, Mandawala's due process claim is dismissed.

### C. 42 U.S.C. §§ 1983, 1985(2), 1986

Defendants argue this Court does not have subject matter jurisdiction over Mandawala's claims brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 because these claims are, collectively, an attempt to re-litigate his state court claim. The Court disagrees. Claims brought under federal law are clearly within the jurisdiction of this Court. The allegations set forth in the amended complaint with respect to the sections cited do not reurge the allegations made in the state court petition but make clear Mandawala believes counsel for Baptist and the state court judge engaged in improper *ex parte* communication.

Defendants further contend that the state court hearing transcript shows Mandawala was given an opportunity to be heard and was afforded due process because Judge Gonzales considered all of the pleadings in the matter, heard the arguments of the parties, and informed Mr. Mandawala that he could appeal her ruling. Defendants also argue that Mandawala cannot state a claim under § 1983, § 1985, or § 1986 because the Defendants are not state actors, Mandawala was not deprived any right conferred by the constitution or federal law, and he has

alleged only his subjective belief that Blaine Holbrook ("Holbrook"), Nicki Elgie ("Elgie"), and Judge Gonzales engaged in a conspiracy.

To state a claim under § 1983, a plaintiff must allege that a "person," while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *West v. Atkins*, 487 U.S. 42, 48 (1988). The employee of a private entity acts under color of state law "when that entity performs a function which is traditionally the exclusive province of the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). A private party who is alleged to have conspired with or acted in concert with state actors may be acting under color of state law and held liable under § 1983. *Priester v. Lowndes Cty.*, 354 F.3d 414 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004). A conspiracy is shown where a plaintiff plausibly alleges: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. *Id.*; *see also Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 676 (5th Cir. 2015).

To state a claim under § 1985(2), a plaintiff must allege a conspiracy to impede, hinder, obstruct, or defeat the due course of justice in a state or territorial court. Section 1985 requires that the conspirators' actions be motivated by an intent to deprive their victim of the equal protection of the laws. "The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." *Kush v. Rutledge*, 460 U.S. 719, 726 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (emphasis in original)) . To bring § 1985 claim, a plaintiff must allege:

> (1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the

> conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus.

*Horaist v. Doctor's Hosp. of Opelousas,* 255 F.3d 261, 270 n.12 (5th Cir. 2001) (citing *Wong v. Stripling,* 881 F.2d 200, 202-03 (5th Cir. 1989)).

To state a claim under § 1986, a plaintiff must state a valid claim under § 1985. Section 1986 imposes liability on individuals who have knowledge of a conspiracy under § 1985 but fail to take preventative action. Thus, a § 1986 claim must be predicated upon a valid § 1985 claim. *Newberry v. E. Tex. State Univ.,* 161 F.3d 276, 281 n.3 (5th Cir. 1998).

Read liberally, Mandawala alleges that Defendants Holbrook and Elgie, acting as counsel for Baptist and TENET, failed to serve Mandawala with one or more motions, Holbrook and Elgie presented the motion(s) to Judge Gonzales *ex parte*, Judge Gonzales took the bench, granted the motions, and dismissed Mandawala's state court case. ECF No. 22, pars. 35-42.

Mandawala's § 1983 claim fails for several reasons. First, as counsel representing Baptist and TENET, the Court cannot find Holbrook and Elgie were state actors acting under color of state law. *See Gipson v. Rosenberg*, 797 F.2d 224, 225 (5th Cir. 1986) (holding that private attorneys are not state actors), *cert. denied*, 481 U.S. 1007 (1987). Second, even if Holbrook and Elgie were employees of Baptist or TENET, Mandawala alleges no facts to show that Baptist or TENET is an arm of the state for purposes of 42 U.S.C. § 1983. Therefore, Mandawala fails to state a claim under § 1983 because the allegations do not evince an agreement between Holbrook, Elgie, (private individuals) and Judge Gonzales (a state actor) to commit an illegal act.

As Mandawala does not allege any racial or class-based discriminatory animus, he failed to state § 1985 and § 1986 claims. Additionally, Mandawala was present at the state court hearing and, contrary to the allegation in his amended complaint, he was allowed to argue the

12

motions pending before Judge Gonzales. As this Court noted in its order on Defendants' first motion to dismiss, "any suggestion of wrongdoing by Judge Gonzales is contradicted by the transcript attached to Mandawala's Complaint. The transcript shows Judge Gonzales considered all of the pleadings in the matter, heard the arguments of the parties, and informed Mandawala that he could appeal her ruling." ECF No. 19 at 6-7 (citing ECF No. 1 at 68-71). Additionally, Judge Gonzales informed Mandawala that the state court did not have jurisdiction over federal claims, stating, "you seem to try to be alleging some federal law complaints, which certainly this court would not have jurisdiction over." ECF No. 1 at 68. Thus, Mandawala's allegation that he was denied due process at the state hearing fails as a matter of law.

For the reasons expressed above, Mandawala has failed to state a claim under 42 U.S.C. § 1983, § 1985(2) or § 1986 and these claims are dismissed.

**D. Breach of Contract**

Defendants contend the amended complaint does not allege the required elements or the factual support for breach of contract, to wit: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." ECF No. 23 at 13 (quoting *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007)).

Defendants contend the amended complaint does not allege the required elements or the factual support for conversion, to wit: (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. ECF No. 23 at 13 (citing *Smith v. Maximum Racing, Inc.,* 136 S.W.3d 337, 341 (Tex. App.—Austin 2004, no pet.)).

The amended complaint alleges Mandawala entered into a contract with Baptist by which it promised to provide education sufficient to prepare him to work as a sonography technician in exchange for payment for said education. Mandawala alleges he tendered performance by paying for and participating in the courses. Mandawala alleges that the contract required Mandawala to complete a specific number and certain types of scans to receive his diploma and required Baptist to provide the necessary equipment and instructors for the students to complete the required scans. Baptist allegedly breached the contract when it failed to supply the necessary instructors and therefore, he was unable to complete the required number of scans. Mandawala further alleges Baptist set a core curriculum. Baptist allegedly breached the agreement to provide its promised core curriculum when it changed the core curriculum without giving notice. Mandawala's alleged damages include payment for a course for which he did not receive credit due to Baptist's breach. ECF No. 22, pars. 4-35, 107-119; *see also* ECF No. 25 at 4.

While the circumstances differ under which courts have found contracts between students and education institutions, contracts have been found to exist. *See, e.g., Univ. of Tex. Health Sci. Ctr. v. Babb*, 646 S.W.2d 502, 506 (Tex. App.—Houston [1st Dist.] 1989, writ denied) (holding that "a school's catalog constitutes a written contract between the educational institution and the patron, where entrance is under its terms"); *Anyadike v. Vernon Coll.*, No. 7:15-cv-00157-O, 2016 U.S. Dist. LEXIS 191886, at *14-19 (N.D. Tex. Mar. 14, 2016) (finding that the college's student handbook was not a contract); *Doe v. Va. Coll., LLC*, No. 1:19-CV-23-RP, 2019 U.S. Dist. LEXIS 38972, at *4 (W.D. Tex. Mar. 12, 2019) (enforcing arbitration clause in college enrollment contract). In this case, construing the facts alleged in the light most favorable to Mandawala and upon drawing all reasonable inferences in his favor, Mandawala alleged facts sufficient to state a contract claim. Mandawala's allegations do not support a conversion claim.

Accordingly, the contract claim will proceed and the conversion claim will be dismissed.

**E. Defamation**

Defendants assert that Mandawala has not alleged facts to support a defamation claim, to wit: that the defendant (1) published a false statement of fact to a third party; (2) the statement was defamatory concerning the plaintiff; (3) the defendant acted negligently regarding the truth of the statement; and (4) in some instances, the plaintiff incurred damages. *See Azadpour v. Blue Sky Sports Ctr. Of Keller*, 2018 U.S. Dist. LEXIS 149606, at *7 (N.D. Tex. 2018). Additionally, Texas federal district courts require defamation claims to specifically allege "the time and place of the publication." *Garrett v. Celanese Corp.*, 2003 U.S. Dist. LEXIS 14905, No. 3:02-CV-1485-K, 2003 WL 22234917, at *4 (N.D. Tex. 2003), *aff'd*, 102 Fed. Appx. 387 (2004); *Jackson v. Dallas Indep. Sch. Dist.*, 1998 U.S. Dist. LEXIS 10328, No. CIV. A. 398-CV-1079, 1998 WL 386158, at *5 (N.D. Tex. 1998), *aff'd*, 232 F.3d 210 (5th Cir. 2000).

The amended complaint references emails sent between Baptist faculty, administrators, and clinical site staff, but does not allege that any statement was published to a third party. The allegation that Ms. Forminos falsely reported to Baptist that a patient complained about Mandawala is troubling. However, to state a claim, Mandawala must allege more than the existence of a potentially defamatory statement. Because this claim lacks the specificity required to state a claim, it will be dismissed.

**F. Intentional Infliction of Emotional Distress**

Under Texas law, intentional infliction of emotional distress has four elements: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant s actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Mattix Hill v. Reck*, 923 S.W.2d 596, 597 (Tex. 1996) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993)). The defendant's conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman*, 855 S.W.2d at 621; *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 400 (5th Cir. 1996).

Intentional infliction of emotional distress is a "gap-filler" tort that was "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Standard Fruit and Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998); *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). This cause of action is "never intended to supplant or duplicate existing statutory or common-law remedies." *Toronka v. Cont'l Airlines, Inc.*, 649 F. Supp. 2d 608, 612-13 (S.D. Tex. 2009) (quoting *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005)).

Here, Mandawala bases his claim for intentional infliction of emotional distress on the same underlying conduct and facts as the other claims under which he seeks to recover. Mandawala did not allege any additional facts in support of his intentional infliction of emotional distress claim. Thus, upon construing the facts asserted in the complaint in the light most favorable to Mandawala and upon drawing all reasonable inferences in his favor, the Court must conclude Mandawala cannot assert facts to support a claim for intentional infliction of emotional distress.

Even if Mandawala were allowed to re-plead this cause of action, he cannot assert an intentional infliction of emotional distress claim, as it is based on the same underlying conduct as his claims for discrimination. Therefore, Mandawala's intentional infliction of emotional distress claim is dismissed.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 23) is GRANTED IN PART AND DENIED IN PART.

In the Order denying Defendants' first motion to dismiss, this Court provided to Mandawala a statement of the complaint's deficiencies. The Court has read the amended complaint and response to Defendants' current motion to dismiss liberally, affording Mandawala the benefit of any doubt. The Court accepted as true the allegations of material fact in the amended complaint and construed them in the light most favorable to Mandawala. In each instance in which the Court concluded that a claim must be dismissed, it did not find any deficiencies that could be cured by amendment. Thus, dismissal of these claims with prejudice is warranted because Mandawala has previously been granted leave to amend after being apprised of the deficiencies in his pleading.

Accordingly, the following claims are DISMISSED WITH PREJUDICE: Title VI (discrimination based on race or national origin); First Amendment (retaliation); Fourteenth Amendment (due process); 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; Conversion; Defamation; Intentional Infliction of Emotional Distress. The following claims SHALL PROCEED: Title IX (discrimination based on sex); Contract.

The Court's previous Order granted Mandawala leave to amend his complaint to name the proper parties. The amended complaint names Baptist School of Health Professions, TENET, Blaine Holbrook, and Nicki Elgie. Accordingly, the following Defendants are DISMISSED from this lawsuit: North Central Baptist Hospital, St. Luke's Hospital, Baptist Medical Center, Resolute Hospital, Mission Trails Baptist Hospital. The claims that are proceeding do not implicate Defendants Blaine Holbrook and Nicki Elgie. Accordingly, Defendants Blaine Holbrook and Nicki Elgie are DISMISSED from this lawsuit.

It does not appear that TENET has been served. Accordingly, on or before **September 30, 2020**, Plaintiff Symon Mandawala shall SHOW CAUSE why TENET should not be dismissed from this lawsuit. This matter is set for status conference before the undersigned on **October 2, 2020 at 11:00 AM**. An order specifying whether the conference will proceed in person or via Zoom will follow.

It is so ORDERED.

SIGNED this 3rd day of September 2020.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE