IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SYMON MANDAWALA, | § | |
| *Plaintiff,* | § | SA-19-CV-01415-JKP |
| vs. | § | |
| BAPTIST SCHOOL OF HEALTH PROFESSIONS, ALL COUNTS; NORTHEAST BAPTIST HOSPITAL, COUNT 1, 2, AND 11; BLAIN HOLBROOK, COUNT 4, 5, 6 AND 11; NORTH CENTRAL BAPTIST HOSPITAL, ST. LUKES HOSPITAL, BAPTIST MEDICAL CENTER, RESOLUTE HOSPITAL, MISSION TRAILS BAPTIST HOSPITAL, TENET, NICK ELGIE, | § | |
| *Defendants.* | § | |

## ORDER

Before the Court in the above-styled cause of action is Defendant Baptist School of Health Professions' Motion to Strike [#39]. This case was referred to the undersigned for all non-dispositive pretrial proceedings on December 10, 2019 [#3]. The undersigned therefore has authority to issue this order pursuant to 28 U.S.C. § 636(b)(1)(A).

By its motion, Defendant Baptist School of Health Professions asks the Court to strike certain portions of Plaintiff's Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) provides the Court with discretion to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *U.S. v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). The Fifth Circuit has said, however, that "the action of striking a pleading should be sparingly used by the courts" and that "motion[s] to strike should be granted only when the pleading to be stricken has no possible

1

relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal quotation and citation omitted).

Plaintiff is proceeding *pro se* in this action and filed his Amended Complaint [#22] without the assistance of an attorney. The record reflects that the District Court granted in part Defendant's motion to dismiss on September 3, 2020, ordering that the majority of Plaintiff's claims alleged in his Amended Complaint be dismissed with prejudice and that only Plaintiff's Title IX and breach of contract claims proceed. Defendant asks the Court to strike Paragraph IV.9, Paragraph V.35–42, Paragraphs 46 and 48, Paragraphs 51–97, and Paragraphs 107–34 of Plaintiff's Amended Complaint on the basis that these paragraphs contain allegations that are not relevant to the causes of action that survived Defendants' motion to dismiss. The Court will deny the motion.

The Court has reviewed the paragraphs of Plaintiff's Amended Complaint that Defendant asks to be stricken. Although they are indeed associated with the portions of Plaintiff's pleadings devoted to Defendants and causes of action that are no longer at issue in this case, the Court declines to exercise its discretion to strike the pleadings, particularly in light of Plaintiff's *pro se* status. In defending a motion for summary judgment or at a trial on the merits of his two remaining claims, Plaintiff will be limited to the presentation of evidence that is relevant to those claims. Defendant's answer on file both requested that the paragraphs at issue be stricken and alternatively denied the allegations within them. Thus, Defendant's position on the facts and legal matters raised in the paragraphs is documented for the public record.

**IT IS THEREFORE ORDERED** that Defendant Baptist School of Health Professionals' Motion to Strike [#39] is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 29th day of October, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE