UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SYMON MANDAWALA,

*Plaintiff*,

v.                                            Case No.  SA-19-CV-01415-JKP

BAPTIST SCHOOL OF HEALTH
PROFESSIONS,

*Defendant*.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Plaintiff Symon Mandawala's Motion for Judgment on the Pleadings, Defendant Baptist School of Health Professions' Motion for Summary Judgment and other relief, and the parties' responsive briefings. ECF Nos. 124, 125, 130, 131, 132. After due consideration of the motions, briefings, and applicable law, the Court **DENIES** Mandawala's motion (ECF No. 124), **GRANTS IN PART** Baptist School of Health Professions' motion (ECF No. 125), and **DISMISSES** this case with prejudice. Final judgment will be entered by separate order.

**BACKGROUND**

This case arises from a dispute between Mandawala, who appears *pro se*, and the school where he attended a medical sonography program, Baptist School of Health Professions. Mandawala alleges he failed the program, in part, because of sex discrimination. Specifically, he claims a female supervisor at Northeast Baptist Hospital was biased against him because he is a man. As evidence of her bias, Mandawala says the supervisor treated him differently than his female peers, gave him negative performance evaluations, and made

comments about sonography being a field better suited to women. Mandawala further alleges the school breached its contract with him by failing to provide him with the opportunity to complete graduation requirements and switching course requirements without notice.

On September 3, 2020, this Court issued a Memorandum Opinion and Order allowing Mandawala's sex discrimination and breach of contract claims to proceed and dismissing his other claims. ECF No. 34. The Court also dismissed all defendants except Baptist School of Health Professions. Mandawala then filed multiple appeals with the Fifth Circuit, all of which the Fifth Circuit denied. ECF Nos. 47, 57, 65, 68, 73, 87, 92, 102. The parties participated in mediation and did not settle, so the Court referred the case to U.S. Magistrate Judge Elizabeth S. Chestney for pretrial matters. Discovery deadlines have passed, and the parties now present the Court with two dispositive motions: Mandawala's motion for judgment on the pleadings and the school's motion for summary judgment and other relief. For the reasons discussed herein, the Court denies Mandawala's motion and grants the school's motion in part.

## MOTIONS BEFORE THE COURT

### A.      Mandawala's Motion for Judgment on the Pleadings

Mandawala files a Federal Rule of Civil Procedure 12(c) motion, arguing he is entitled to judgment on the pleadings because Baptist School of Health Professions did not request leave to file an out-of-time response when it filed its second motion to dismiss. ECF No. 124. Specifically, Mandawala argues: (1) the school missed its deadline to file an answer; (2) timely filing of a motion to dismiss does not relieve a party of its obligation to file an answer; and (3) a party cannot file two motions to dismiss without leave of court. Mandawala's arguments fail because he misreads the federal rules. Before addressing Mandawala's specific arguments, the Court briefly summarizes the school's filings and how those filings comply with the applicable

federal rules.

### i.      First Motion to Dismiss

Mandawala filed his complaint initiating this lawsuit on December 5, 2019. ECF No. 1. On December 15, 2019, Baptist School of Health Professions was served with a summons. ECF No. 5. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), the school had 21 days after being served with the summons to answer. Twenty-one days later, on January 6, 2020, the school joined the other named defendants in filing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). ECF No. 6. Under Rule 12(b), a motion asserting any 12(b) defense must be made before pleading if a responsive pleading is allowed. Therefore, the school's first motion to dismiss was timely and properly filed before its answer.

### ii.     Second Motion to Dismiss

Mandawala amended his complaint on March 4, 2020. ECF No. 13. On April 30, 2020, the Court denied the defendants' motion to dismiss, notified Mandawala of his complaint's deficiencies, and ordered Mandawala to amend his complaint within 30 days if he wished to proceed in this litigation. ECF No. 19. Mandawala filed his second amended complaint on May 20, 2020, within the deadline set by the Court. ECF No. 22. Under Rule 15(a)(3), a response to an amended pleading is due 14 days after service of the amended pleading. The defendants met their deadline when, 14 days later, on June 3, 2020, they filed a second Rule 12(b)(6) motion to dismiss for failure to state a claim. ECF No. 23. The defendants' second motion to dismiss was, therefore, timely and properly filed.

### iii.    Answer

The Court ruled on the defendants' second motion to dismiss on September 3, 2020, granting it in part and denying it in part. ECF No. 34. Under Rule 12(a)(4), if a court denies a

Rule 12 motion, a party's responsive pleading is due 14 days after notice of the court's action. Baptist School of Health Professions filed its answer 14 days after the Court's order, on September 17, 2020. ECF No. 39. The school's answer was, therefore, timely and properly filed.

Turning now to Mandawala's specific arguments, (1) the school did not miss its deadline to file an answer; (2) timely filing of a motion to dismiss fulfills a party's obligation to answer a complaint; and (3) the school district's filing of two motions to dismiss did not violate the rule against successive motions. Taking arguments (1) and (2) together, Mandawala seems to believe the school missed its deadline to file an answer because it filed a motion to dismiss instead. Although Mandawala is correct that a motion to dismiss is not a responsive pleading, the filing of a motion to dismiss under Rule 12 extends the deadline for filing a responsive pleading until 14 days after notice of the court's denial of the motion. Fed. R. Civ. P. 12(a)(4); *Russell v. Watkins Ludlam Winter & Stennis, P.A.*, 181 F. App'x 441, 444 n. 8 (5th Cir. 2006) (rejecting the argument that default judgment should have been entered because the appellees filed a motion to dismiss instead of an answer because "[a]lthough a motion to dismiss is not a responsive pleading," the appellees were not required to file a responsive pleading until the court ruling on their pending Rule 12 motion) (citing Rule 12 and *McZeal v. Ocwen Financial Corp.*, 252 F.3d 1355 (5th Cir. 2001)). Because the school filed a motion to dismiss this action under Rule 12, its deadline to file an answer was extended until its motion was determined. The school timely filed its answer 14 days after the court's partial denial of its second motion to dismiss, pursuant to Rule 12(a)(4). Therefore, the school's answer was timely filed.

Moreover, even if the school's answer was untimely, Mandawala's belief that he is entitled to default based on the school's failure to file an answer is incorrect. Even if a response

is late-filed, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276). Even if the school was in default, Mandawala would not be automatically entitled to entry of default judgment.

For Mandawala's third argument, he relies on Rule 12(g)(2) to conclude the school improperly filed successive motions to dismiss without seeking leave of court. Under Rule 12(g)(2), once a party files a Rule 12 motion, it cannot file another Rule 12 motion "raising a defense or objection that was available to the party but omitted from its earlier motion." The rule was enacted to end the common law practice of filing a motion raising jurisdiction-related defenses and then, if that motion failed, raising other defenses by separate motion. *See* Alan Wright & Arthur R. Miller, 5C Fed. Prac. & Proc. Civ. § 1384 (3d ed. 2022). The practice resulted in unnecessary delay and was therefore eliminated in a 1948 amendment to Rule 12(g). *Id*. Importantly, the rule against successive motions is limited to scenarios where the defenses or objections raised were available to the moving party when it filed its earlier motion. *Id*. at § 1388. "[I]f the plaintiff voluntarily serves an amended complaint or is ordered by the court under Rule 12(e) to submit a more definite statement of the claim, the revised pleading may contain new information or different allegations making it subject to a defense or objection that was not previously apparent to the movant." *Id*. Therefore, the 12(g)(2) rule against successive motions does not apply when the plaintiff amends his complaint. Such is the case here, where the Court ordered Mandawala to amend his complaint, and the school's second motion to dismiss responded to that amended complaint, re-urging prior arguments and asserting new

5

defenses and objections to Mandawala's new allegations. For this reason, the school's second motion to dismiss was not improper under Rule 12(g)(2). The Court further notes Rule 12(b)(6) defenses, which are the type of defenses raised in the school's second motion to dismiss, are not waived by the Rule 12(g)(2) rule against successive motions. Under Rule 12(h)(1), only Rule 12(b)(2)–(5) defenses are waived. So, the school's second motion to dismiss was properly filed.

The Court, therefore, finds the school's filings were timely and proper under the Federal Rules of Civil Procedure and Mandawala's motion for judgment on the pleadings fails.

**B.      Baptist School of Health Professions' Motion for Summary Judgment**

Baptist School of Health Professions moves for summary judgment on Mandawala's claims for sex discrimination and breach of contract, asserting no genuine dispute of material fact exists and, therefore, the school is entitled to judgment as a matter of law. The school simultaneously moves for the Court to impose sanctions on Mandawala for his failure to cooperate with discovery requests and, in the alternative, files motions to compel, extend time, and for continuance. Because the Court grants the school's motion for summary judgment, it does not reach the school's motions to compel, extend time, and for continuance. Mandawala's failure to meet discovery deadlines potentially subjects him to certain sanctions under the federal rules. Specifically, the Court has discretion to omit late-produced evidence or even dismiss the case. In addition, the school seeks monetary sanctions for reimbursement of reasonable, discovery-related expenses. The Court analyzes each of these sanction requests below.

**i.      Exclusion of Evidence**

In its first Motion for Summary Judgment (ECF No. 125), Baptist School of Health Professions notified the Court the discovery deadlines had passed and Mandawala failed to

respond to its discovery requests or proffer any discovery requests of his own. The school, therefore, argued Mandawala could not offer evidence to meet his burden of proof on any element of his sex discrimination and breach of contract claims, and the school was entitled to judgment as a matter of law. Two days later, the school filed an amended motion (ECF No. 126) notifying the Court that Mandawala responded to some interrogatory requests, but his responses were inadequate to meet his burden of proof. Twelve days after that, the school filed a second amended motion (ECF No. 127), notifying the Court that Mandawala had produced additional, albeit still deficient, discovery. As an initial matter, the Court must address whether it will allow Mandawala's untimely produced evidence to factor into its analysis of the school's motion for summary judgment.

Under Rule 26(a)(1) of the Federal Rules of Civil Procedure, a party must make certain initial disclosures within the early stages of litigation without awaiting a discovery request. Fed. R. Civ. P. 26(a). This includes a duty to disclose "each individual likely to have discoverable information—along with the subject of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). It also requires a party to provide a copy or description of "all documents, electronically stored information, and tangible things" that a party may use to support its case and a computation of damages. Fed. R. Civ. P. 26(a)(1)(A)(ii), (iii). The rule provides that a "party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E). Further, Rule 26(e) requires that a "party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for

admission—must supplement or correct its disclosure response." Fed. R. Civ. P. 26(e); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 764 (5th Cir. 1989). Supplemental disclosures shall be made "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

Under Rule 37 of the Federal Rules of Civil Procedure, a party who fails to provide information or identify a witness through initial disclosures or proper supplementation of discovery responses, pursuant to Rule 26(a) and (e), "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Tex. A & M. Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401–02 (5th Cir. 2003); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). The "sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). "The law is very clear: evidence that was not properly produced during discovery cannot be used to support or oppose summary judgment." *Morris v. Copart*, No. 4:15-CV-724, 2016 WL 6608874, at *3 (E.D. Tex. Nov. 9, 2016) (quotation omitted).

In this case, Mandawala filed a Rule 26(a) discovery report which lists the names and contact information of potential witnesses. ECF No. 63. However, he did not provide any other Rule 26(a) disclosures, such as a copy or description of the documents, electronically stored information, or tangible things he planned to use at trial or a computation of damages. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii), (iii). Furthermore, Mandawala failed to meet the deadline to respond

8

to the school's discovery requests, as set forth in Judge Chestney's scheduling order. ECF No. 116. Judge Chestney's order directed the parties to complete discovery on or before November 15, 2022. The school served Mandawala with interrogatories, requests for production, and a request for his deposition a month before that deadline, and he did not respond. After the school filed its motion for summary judgment, Mandawala came forth with some responses to the school's discovery requests.

Mandawala offers no justification for why he missed the scheduling order deadline. Furthermore, his delay is potentially harmful to the school. This case is scheduled for trial the week of January 9, 2023, and Mandawala's delay in responding to discovery requests hampers the school's ability to prepare for trial. Mandawala's *pro se* status does not excuse him from knowing and following procedural requirements. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013); *Saahir v. Collins*, 956 F.2d 115, 118–19 (5th Cir. 1992). Mandawala's delay was neither justified nor harmless and his late-proffered evidence is, therefore, subject to exclusion under Rule 37(c)(1). Even so, the Court finds exclusion is moot because Mandawala does not rely on evidence to support his response to the school's motion for summary judgment.

### ii.     Automatic Dismissal

A court may impose a severe sanction when a party's recalcitrance is due to willfulness or bad faith. *See generally, NHL v. Metro. Hockey Club*, 427 U.S. 639, 43 (1976). When a party has the ability to comply, a willful refusal to do so can justify dismissal of the case. *See generally, Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014). In this case, Mandawala failed to comply with the federal rules and Judge Chestney's scheduling order by failing to make complete disclosures, failing to timely and fully respond to interrogatories, failing to

timely and fully respond to requests for production, and failing, until after the discovery deadline passed, to make himself available for a deposition. Mandawala demonstrated his awareness of the scheduling order's deadlines by timely filing his motion for judgment on the pleadings, yet he failed to respond to any of the school's discovery requests until after the discovery deadline had passed. This was also after the school filed its motion for summary judgment seeking dismissal of the case based, in part, on Mandawala's failure to respond to its discovery requests. In other words, only when faced with the possibility of dismissal for failure to respond did Mandawala begin producing responses to the school's requests.

Mandawala's late produced discovery caused the school to twice file amended motions for summary judgment, to notify the Court of the new evidence in its possession. When neither party filed a response to their opponent's dispositive motion, the Court contacted the parties to determine the reason for delay. The parties notified the Court they were under the impression that, because the school amended its motion twice, the deadline to respond was two weeks from the date the last amended motion was filed. The Court, however, construed the school's amended motions as advisories that did not affect the deadline to respond. *See United States v. Early*, 27 F.3d 140, 141–42 (5th Cir.1994) (the nature of a motion must be determined according to its actual substance rather than title given it). Both amended motions are substantively the same as the school's original motion, the only difference being updates to account for Mandawala's late discovery responses.

The federal rules do not reward a party's untimely discovery responses by extending the deadline to respond to a dispositive motion. However, because both parties were confused, the Court extended the deadline for the parties to file responses to give the parties an opportunity to fully brief the matter. Both parties took advantage of the opportunity. Now that

the motion is fully briefed, the Court finds it need not impose the harsh sanction of automatic dismissal because the school's motion for summary judgment succeeds on the merits.

### iii.    Reasonable Expenses

The school argues Mandawala's failure to timely respond to discovery requests, or provide a justification for doing so, subjects him to reasonable expenses, including attorney's fees, under Rule 37(d)(3). When a party fails to respond to interrogatories, the federal rules require the Court to award reasonable expenses unless the party's failure to comply was "substantially justified" or the award of expenses would be unjust. The school seeks $1,800 in attorney's fees for approximately ten hours of work to prepare discovery requests and update its filings with the Court to account for Mandawala's untimely responses. ECF No. 127 at 8. While it is true that Mandawala failed to timely respond to the school's interrogatories, he did eventually respond. Mandawala's untimely response is not a failure to respond and, therefore, is not sanctionable under Rule 37(d)(3). For this reason, the Court denies the school's request for monetary sanctions.

The Court finds the school has met its summary judgment burden by pointing to an absence of evidence to support Mandawala's sex discrimination and breach of contract claims. The Court now addresses whether Mandawala satisfied his burden to demonstrate a genuine dispute of material fact, ultimately concluding he did not.

### LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*,

980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n.16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

---

[1]Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations omitted).

## DISCUSSION

The Court now addresses whether Mandawala's response establishes a genuine dispute

of material fact sufficient to support his sex discrimination and breach of contract claims. As noted above, the Court construes the school's amended motions as advisories notifying the Court of Mandawala's late filed discovery responses, not as summary judgment evidence. In considering whether Mandawala can overcome the school's summary judgment challenge, the Court only considers evidence provided to the Court by Mandawala himself, as it has no duty to search the record for Mandawala's ill-cited evidence. *Yellow Transp., Inc.*, 670 F.3d at 651; *Ragas*, 136 F.3d at 458.

### A.      Title IX, Sex Discrimination

Title IX establishes that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To establish sex discrimination under Title IX, a plaintiff must plausibly allege the defendant (1) received federal financial assistance, and (2) excluded him from participation in its educational programs because of his sex. *Cannon v. Univ. of Chicago*, 441 U.S. 677, 680, 717 (1979). The parties do not dispute the Baptist School of Health Professions is an educational program receiving Federal financial assistance, subject to Title IX. The question before this Court, therefore, is whether Mandawala was excluded from participation in the school's educational programs because of his sex.

There are two types of cognizable Title IX claims: those seeking to hold an institution liable for sexual harassment by its teachers or students and those challenging an institution's official policy of intentional discrimination on the basis of sex. *See Pederson v. La. State Univ.*, 213 F.3d 858, 881–82 (5th Cir. 2000). This case involves the latter. In such cases, "[t]he proper test is not whether [the institution] knew of or is responsible for the actions of others,

but is whether [the institution] intended to treat [men] differently on the basis of their sex." *Id.* at 882. To establish essential elements in a Title IX sex discrimination claim, the plaintiff must show: (1) he was a member of a protected class; (2) he suffered an unfavorable or adverse action; and (3) discrimination was a substantial or motivating factor for the defendant's actions. *Pacheco v. St. Mary's Univ.*, No. 15-cv-1131 (RCL), 2017 WL 2670758, at *14 (W.D. Tex. June 20, 2017) (citing opinions of Circuit Courts of Appeals that have addressed Title IX's *prima facie* case standard). Because direct evidence of intentional discrimination can be difficult to obtain, courts allow plaintiffs to prove intentional discrimination through direct or circumstantial evidence. *Arceneaux v. Assumption Par. Sch. Bd.*, 733 Fed. App'x 175, 178–79 (5th Cir. 2018) (noting the Fifth Circuit has not explicitly adopted the *McDonnell Douglas* framework in Title IX cases, but courts apply it nonetheless). If a plaintiff proffers sufficient evidence to meet his burden of proof, the burden shifts to the defendant "to establish by a preponderance of evidence that the same decision would have been made regardless of the forbidden factor." *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 475 (5th Cir. 2015). The burden then shifts back to the plaintiff to establish that the legitimate reasons offered were not the true reasons, but merely pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973).

In this case, Mandawala offers no evidence to support his claim that he failed the sonography program because the school intentionally discriminated against him on the basis of sex. In his second amended complaint, Mandawala alleges a female supervisor suggested sonography was a career better suited for women and treated him differently than his female peers. He says he received comparatively negative evaluations from that female supervisor. He further alleges he notified a school administrator of his concerns and asked to be moved to a

different location. The Court previously found these allegations sufficient to support a reasonable inference of discrimination based on his sex, allowing his claim to proceed. The Court noted, however, its focus at that stage of the litigation was not on whether Mandawala would ultimately prevail, but whether he should be permitted to present evidence to support any adequately asserted claims. Now discovery has ended, and the question before the Court is whether Mandawala has established a genuine dispute of material fact as to his sex discrimination claim.

Because Mandawala provides no direct evidence of sex discrimination, he must establish a *prima facie* case with circumstantial evidence. *See McDonnell Douglas Corp. v. Green*, 411 U.S. at 802–04. Of the three elements necessary for a *prima facie* case, Mandawala has satisfied only two. He is a member of a protected class, men, and he suffered an adverse action when he failed the school's medical sonography program. However, there is no evidence demonstrating discrimination was a substantial or motivating factor in the school's decision to fail Mandawala. Therefore, Mandawala's discrimination claim fails because he has failed to make out a *prima facie* case.

Notably, even if the Court considered evidence attached to the school's amended motions as summary judgment evidence, and assuming that evidence established a *prima facie* case, the school offers a non-discriminatory reason for failing Mandawala. According to the school's reply brief, Mandawala failed the sonography program because he did not complete the program's requirements.[2] The school attributes Mandawala's failure to his own actions, specifically his unwillingness to learn, lack of cooperation, and inability to carry himself in a

---

[2] The Court recognizes that arguments raised for the first time in a reply brief are generally waived. *See e.g., Jones v. Cain*, 600 F.3d 527 (5th Cir. 2010). In this case, the Court is merely highlighting this argument, not relying on it. Summary judgment is granted on the basis of Mandawala's lack of evidence to establish his *prima facie* case.

manner appropriate to the practice of sonography. Under the *McDonnell Douglas* framework, when a defendant offers a non-discriminatory reason for the adverse action, the burden shifts to the plaintiff to show that reason is a mere pretext for discrimination. Mandawala offers no evidence that the school's reason for failing him is pretextual. Indeed, neither of the individuals who Mandawala names as people who knew about the alleged discrimination were even employees of the school, let alone decisionmakers. For this reason, Mandalawa's Title IX sex discrimination claim fails.

### B.    Breach of Contract

To succeed in a breach of contract claim, a plaintiff must demonstrate: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). In this case, Mandawala alleges he entered into a contract with the school by which it promised to provide education sufficient to prepare him to work as a sonography technician in exchange for payment for said education. Mandawala alleges he tendered performance by paying for and participating in the courses and the school failed to fulfill its obligation to provide the necessary equipment and instructors to complete his graduation requirements. Mandawala further alleges the school improperly changed its core curriculum without notice. Mandawala's alleged damages include payment for a course for which he did not receive credit due to the school's breach.

The school asked Mandawala in its discovery requests to identify and produce evidence supporting the existence of a valid contract, his performance under the contract, and the school's breach of the contract. Here again, Mandawala came forth with no evidence to support the required elements. To the extent the Court has reviewed documents produced by Mandawala, the

Court viewed these documents in the light most favorable to Mandawala and they simply do not establish the existence of a contract, let alone a breach. Mandawala produced documents describing the sonography program which do not establish the existence of a contract. To the contrary, the documents actually bolster the school's argument that Mandawala failed as a result of his own deficiencies. The documents produced by Mandawala fail to show he kept up his end of the purported bargain by becoming proficient in the required competencies, communicating effectively, or meeting the requirements of the curriculum. Instead, they show he demonstrated an unwillingness to learn, did not follow through on exams, was detrimental to the departments in which he did clinical portions of his studies, and showed poor stewardship of his education. Educational programs only award degrees to individuals who pass their courses and meet the requirements of the program, and Mandawala failed to do either. Mandawala's response brief provides no evidence to support his breach of contract claim and the documents he produced do not support it either. His claim, therefore, cannot overcome the school's summary judgment challenge.

## CONCLUSION

In conclusion, the Court finds Mandawala's motion for judgment on the pleadings fails because it is based on a misreading of the Federal Rules of Civil Procedure. The Court further finds Baptist School of Health Professions demonstrates no genuine dispute of material fact exists as to Mandawala's sex discrimination and breach of contract claims and, therefore, the school is entitled to judgment as a matter of law. Because the Court grants summary judgment, it finds the school's motions to compel, extend time, and for continuance are moot. Finally, the Court declines to impose sanctions on Mandalawa for his failure to timely respond to discovery requests.

**IT IS THEREFORE ORDERED** that Mandawala's motion for judgment on the pleadings (ECF No. 124) is **DENIED**.

**IT IS FURTHER ORDERED** that Baptist School of Health Professions' motion for summary judgment and other relief (ECF No. 125) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remove the gavels in ECF Nos. 126 and 127 because those motions raise the same arguments as ECF No. 125 and are therefore moot. As discussed above, the Court construes the school's amended motions as advisories to the Court.

**IT IS FINALLY ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

Final judgment will be entered by separate order.

It is so ORDERED.
SIGNED this 21st day of December, 2022.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE