UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SYMON MANDAWALA,

  *Plaintiff*,

v.                              Case No. SA-19-CV-01415-JKP

BAPTIST SCHOOL OF HEALTH
PROFESSIONS;

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

In a Memorandum Opinion and Order entered December 21, 2022, the Court granted in part Defendant Baptist School of Health Professions' Motion for Summary Judgment and dismissed Plaintiff Symon Mandawala's case. ECF No. 133. Now before the Court is Mandawala's Motion for Reconsideration and Amended Motion for Reconsideration. ECF Nos. 135, 136. Defendant Baptist School of Health Professions filed a Response and Mandawala filed a Reply to Defendant's Response. ECF Nos. 139, 140. The Court finds Mandawala's first Motion (ECF No. 135) is **MOOTED** by his Amended Motion and, based on review of the record, the parties' briefings, and the applicable law, the Court **DENIES** Mandawala's Amended Motion (ECF No. 136).

### BACKGROUND

This case arises from a dispute between Mandawala, who appears *pro se*, and the school where he attended a medical sonography program, Baptist School of Health Professions. Mandawala alleges he failed the program, in part, because of sex discrimination.

Specifically, he claims a female supervisor at Northeast Baptist Hospital was biased against him because he is a man. As evidence of her bias, Mandawala says the supervisor treated him differently than his female peers, gave him negative performance evaluations, and made comments about sonography being a field better suited to women. Mandawala further alleges the school breached its contract with him by failing to provide him with the opportunity to complete graduation requirements and switching course requirements without notice.

On September 3, 2020, this Court issued a Memorandum Opinion and Order allowing Mandawala's sex discrimination and breach of contract claims to proceed and dismissing his other claims. ECF No. 34. The Court also dismissed all defendants except Baptist School of Health Professions. Mandawala then filed multiple appeals with the Fifth Circuit, all of which the Fifth Circuit denied. ECF Nos. 47, 57, 65, 68, 73, 87, 92, 102. The parties participated in mediation and did not settle, so the Court referred the case to U.S. Magistrate Judge Elizabeth S. Chestney for pretrial matters. ECF No. 114. After discovery deadlines passed, the parties presented the Court with two dispositive motions: Mandawala's motion for judgment on the pleadings and the school's motion for summary judgment and other relief. ECF Nos. 124, 125. The Court denied Mandawala's motion, granted the school's motion in part, and dismissed the case. ECF Nos. 133, 134. Mandawala then filed the Motion for Reconsideration and Amended Motion for Reconsideration that are presently before the Court. ECF Nos. 135, 136. The Court construes Mandawala's motions as Motions to Alter or Amend Judgment (Reconsideration) pursuant to Federal Rule of Civil Procedure 59(e).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), litigants may move to alter or amend a judgment within twenty-eight days of the entry of Final Judgment. *Banister v. Davis*, 140 S. Ct.

1698, 1703 (2020). Federal Rule 59(e) provides courts with an opportunity to remedy their "own mistakes in the period immediately following" their decisions. *See id*. (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Given its corrective function, courts generally use Federal Rule 59(e) "only to reconsider matters properly encompassed in a decision on the merits." *Banister*, 140 S. Ct. at 1703. A Federal Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *T. B. ex rel. Bell v. NW. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)). While "courts may consider new arguments based on an 'intervening change in controlling law' and 'newly discovered or previously unavailable evidence,'" courts "will not address new arguments or evidence that the moving party could have raised before the decision issued." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. at 450 n. 2.

A motion for reconsideration "calls into question the correctness of a judgment." *Templet v. Hydro Chem, Inc.,* 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Instead, it merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Given this narrow purpose, courts sparingly use the extraordinary remedy. *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020). Courts, nevertheless, have considerable discretion in deciding whether to reopen a case under Federal Rule 59(e). *Id.* (quoting *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

## ANALYSIS

In his Motion for Reconsideration, Mandawala offers four reasons why the Court should reconsider its decision to grant summary judgment in favor the Defendant. Specifically, (1) he

suggests his failure to gather evidence in support of his case is a result of Defendant's failure to return his telephone calls; (2) he argues he was not given enough time to respond to Defendant's motion for summary judgment; (3) he offers new evidence he suggests would overcome Defendant's motion for summary judgment; and (4) he believes subpoenas he served in anticipation of trial would lead to testimony that would defeat Defendant's summary judgment motion. Each of these reasons is discussed below.

## I. Mandawala's Communication with Defendant

Mandawala suggests he was unable to effectively conduct discovery in this case because telephone calls he made to Defense counsel went unanswered. Contrary to Mandawala's characterization of events, however, the record shows it was Mandawala who failed to participate in discovery. *See* ECF No. 125. Defendant concedes Mandawala called Defense counsel and counsel did not answer. Yet Mandawala had ample opportunity to collect evidence in discovery and failed to do so. Specifically, he failed to respond to any of Defendant's discovery requests until after the discovery deadline had passed. Indeed, Mandawala only responded after Defendant filed its dispositive motion requesting that the Court sanction Mandawala for his failure to cooperate with discovery. Furthermore, Mandawala did not file any discovery requests of his own by the discovery deadline. Defense counsel's failure to answer telephone calls does not excuse Mandawala's failure to participate in discovery. The Court, therefore, finds any deficiency in the evidence is a result of Mandawala's own neglect.

## II. Mandawala's Opportunity to Respond

Mandawala references a conversation he had with the Court's courtroom deputy regarding his deadline to respond to Defendant's Motion for Summary Judgment. Specifically, he says he was given only 48 hours to respond. This characterization is inaccurate. In fact, when

Mandawala spoke with the courtroom deputy, his deadline to respond had already passed. Because the parties were confused about the deadline, the Court granted an extension. *See* ECF No. 128. All told, Mandawala had 19 days to respond, not 48 hours. That is more time than is required under the Federal Rules and ample time to prepare an adequate response.

### III.     Mandawala's New Evidence

Mandawala relies on Federal Rule 56(d) to support his request that the Court consider new evidence he failed to provide in his response to Defendant's motion for summary judgment. Rule 56(d) allows a court to defer consideration of a motion for summary judgment when a nonmovant shows "it cannot present facts essential to justify its opposition." A Rule 56(d) motion is properly offered before a court's ruling on a motion for summary judgment, not after, as is the case here. Moreover, Mandawala fails to show the newly offered evidence was unavailable to him when he responded to Defendant's motion. Finally, even if it were admissible, the evidence Mandawala offers would not have changed the Court's analysis.

Mandawala cites to documents describing why he was removed from a clinical site. One document says he was removed because of staffing issues, another says he was removed for unprofessional conduct. Mandawala says the school did not cite to the document about staffing issues because it conflicts with its narrative about his unprofessional conduct. This ignores, however, the possibility that he was removed because of staffing issues and unprofessional conduct. In any event, it does not affect the Court's conclusion that the school has offered a legitimate reason for why Mandawala failed the program—he did not complete his course requirements—and Mandawala offers no evidence this reason is a mere pretext for sex discrimination. This new evidence, therefore, does not affect the Court's analysis.

Mandawala further cites evidence of two interactions with his supervisors, both of which the Court was already aware. In one instance, he suggests a supervisor inappropriately reported his failure to perform an elective scan in retaliation for him forgetting to tell her about a telephone call from her child's school. Regardless of whether Mandawala's characterization of events is true, the Court finds no reason why this incident is relevant to his either breach of contract or sex discrimination claim. In another instance, Mandawala says a supervisor inappropriately accepted patient complaints about him, and asked that another student, who is female, replace him. Mandawala suggests the supervisor sought to replace him because he is a man, ignoring his own role in engaging in behavior that caused patients to complain about him. Like the evidence regarding his removal, evidence regarding Mandawala's conflicts with supervisors does not affect the Court's analysis of Defendant's summary judgment motion.

The Court, therefore, finds new evidence proffered by Mandawala is neither admissible at this late stage, nor relevant to its summary judgment analysis.

### IV.   Effect of Subpoenas

Mandawala further offers copies of subpoenas he served on witnesses he intended to call at trial, suggesting the testimony of these witnesses would have provided evidence to overcome Defendant's summary judgment motion. Mandawala could have deposed these witnesses in discovery but chose not to do so. Here again, the Court will not reward Mandawala's failure to participate in discovery by allowing him to gather evidence after the case has been dismissed. When considering a motion for reconsideration, courts "will not address new arguments or evidence that the moving party could have raised before the decision issued." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. at 450 n. 2. Accordingly, Mandawala's request for reconsideration is denied.

**IT IS THEREFORE ORDERED** that Mandawala's Motion for Reconsideration is **MOOTED** by his amended motion. ECF No. 135.

**IT IS FURTHER ORDERED** that Mandawala's Amended Motion for Reconsideration is **DENIED**. ECF No. 136.

It is so ORDERED.
SIGNED this 14th day of March, 2023.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE